■ In the Matter of the Claim of Evelyn E. Manley, Respondent, v. Nicholson Transit Co. et al., Appellants. Workmen's Compensation Board, Respondent.

REYNOLDS, J. Appeal by the employer and its carrier from a decision and award of death benefits on the ground that there is no substantial evidence of causal relation between decedent's death and a prior work-connected myocardial infarction. On December 12, 1956 decedent, a tugboat captain and part-time stevedore, suffered a myocardial infarction precipitated by carbon monoxide poisoning. This incident was concededly work-connected and decedent received compensation benefits until he returned to work on April 18, 1957. Decedent had no prior history of cardiac difficulty; there was, however, a diagnosis at that time of an unrelated diabetes mellitus condition. In February, 1960 the board made a finding of permanent partial disability, which was not appealed, but no benefits were awarded because decedent was then earning full wages as a tugboat captain. On April 14, 1960 decedent was admitted to the hospital with a pathological fracture of the right femur diagnosed as due to cancer of the right kidney. He also was found to be suffering from coronary arteriosclerotic heart disease with angina and diabetes mellitus. Treatment for these conditions required periodic hospitalization during the remainder of 1960 and until his death on November 11, 1961. The death certificate listed the cause of death as "carcinoma right femur" and "general metastasis of the pelvis long bones — kidneys" as contributing factors. The record, however, contains testimony that the coronary disease and diabetic condition should also have been mentioned in the death certificate. The board, after hearing conflicting medical opinions as to whether the prior myocardial infarction was a contributing factor in decedent's demise, determined that it was. Of course, if this decision is supported by substantial evidence, we cannot disturb it (Workmen's Compensation Law, § 23; *Matter of Palermo* v. *Gallucci & Sons*, 5 N Y 2d 529). Appellant's assert that the testimony by the sole expert opining causal relationship is speculative and of no probative value, thus removing from the record any evidence to uphold the board's decision. This is a very weak, close case on causal relationship, but while we might hope for more clarity in an expert's explanation of his opinion, we cannot say that his testimony as a whole does not meet the test of *Matter of Ernest* v. *Boggs Lake Estates* (12 N Y 2d 414). Decision affirmed, with costs to the Workmen's Compensation Board. Gibson, P. J., Herlihy, Aulisi and Hamm, JJ., concur.